IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTYNA MILLS, ) | |
| ) | Civil Action No. 2:20-566 |
| Plaintiff, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | District Judge Cathy Bissoon |
| MARRIOTT INTERNATIONAL, ) | |
| INC., UNKNOWN FRANCHISEE, ) | |
| ) | |
| Defendants. ) | |

### ORDER DISMISSING CASE

Plaintiff Justyna Mills ("Plaintiff") initiated this action against Endeavor Air, Inc. ("Endeavor"), Marriott International, Inc. ("Marriott"), Unknown Franchisee[1] and Katherine Roth ("Roth"), in April of 2020. (Doc. 1). After Defendants Endeavor and Roth filed a Motion to Dismiss on July 17, 2020 (Doc. 16), Plaintiff sought and obtained leave to file an Amended Complaint (Doc. 23). Plaintiff filed her Amended Complaint on September 16, 2021, against only Defendants Endeavor, Marriott, and Unknown Franchisee. (Doc. 24). The Amended Complaint did not name Roth as a Defendant, and she was terminated from the case at that time. *See id.* On March 19, 2021, the Court adopted Magistrate Judge Lenihan's Report and Recommendation (Doc. 37) and granted Defendant Endeavor's Motion to Dismiss (Doc. 27), dismissing all claims against Endeavor on preemption grounds (Doc. 40). On November 18, 2021, the Court adopted Judge Lenihan's Report and Recommendation (Doc. 59) and granted in part and denied in part Defendant Unknown Franchisee's Motion to Dismiss (Doc. 45),

---

[1] In its Motion to Dismiss and Answer, Defendant Unknown Franchisee identified itself as Moody National SHS Pittsburgh MT, LLC. (Docs. 45, 61).

dismissing the negligent interference with contract claim against it (Doc. 60).  On June 11, 2021 and December 2, 2021, Defendants Marriott and Unknown Franchisee, respectively, filed Answers to the Amended Complaint.  (Docs. 50, 61).

Plaintiff has been represented in this matter by Aurelius P. Robleto of Robleto Kuruce, PLLC.  At the Initial Case Management Conference on February 4, 2022, Attorney Robleto advised the Court that he had been unable to reach his client and requested a stay of the proceedings so that he could try and reconnect with her.[2]  (Doc. 66).  The Court administratively closed the matter in light of Attorney Robleto's request.  (Docs. 66, 67).  On April 5, 2022, the remaining Defendants filed a Motion to Reopen the Case and to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  (Docs. 68, 69). On May 18, 2022, Attorney Robleto filed a Proposed Consent Order in which both Plaintiff's counsel and the remaining Defendants agreed to dismissal of the Complaint under Rule 41(b) for failure to prosecute due to the continued inability of Plaintiff's counsel to communicate with Plaintiff.  (Doc. 73).  On May 27, 2022, this Court entered an Order striking the Proposed Consent Order for failure to comply with applicable procedure (Doc. 74), and issued an Order to Show Cause giving Plaintiff until June 6, 2022, to show good cause why this case should not be dismissed for failure to prosecute (Doc. 75).  The Order to Show Cause directed Plaintiff's counsel to use his best efforts to communicate the contents of the Order to Plaintiff prior to responding.

Plaintiff's counsel promptly attempted to reach her by telephone, leaving a voice message, including the contents of the Show Cause Order; by email, communicating the contents

---

[2] Defendants' Motion states that Plaintiff's failure to communicate with her counsel included a failure to discuss the required selection of an ADR process or neutral, effectively bringing the litigation to a halt.  (Docs. 68, 69).

of the Show Cause Order to her; and by written letter sent to her by Certified Mail and First Class Mail. (Doc. 76, ¶ 2). On June 6, 2022, counsel filed a Response to the Order to Show Cause documenting his fruitless efforts to communicate meaningfully with Plaintiff about these issues.[3] (Doc. 76). The Response indicated that, as a result of Plaintiff's refusal to communicate, counsel had issued her written notice that the firm was terminating its representation agreement. *See id.* Counsel asked that the Court give Plaintiff a reasonable opportunity to engage replacement counsel before exercising its discretion to dismiss the action. *See id.*

Two months have passed since the show cause deadline, and Plaintiff has not filed anything additional indicating that Plaintiff intends to retain new counsel or otherwise to pursue this action. Indeed, Plaintiff has not communicated with the Court whatsoever since counsel's June 6, 2022 filing or taken any affirmative steps to prosecute this case. In light of this continued inaction, the remaining Defendants have filed a Motion for Leave to File a Supplemental Brief in Support of their Motion to Dismiss Pursuant to Rule 41(b). (Doc. 77).

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

---

[3] Counsel indicated that his only communication from Plaintiff during this time period was a June 2, 2022 e-mail titled "Letter to Aure" that sought to alter the terms of her engagement agreement in a manner that the counsel could not accept. (Doc. 76 ¶¶ 3-4). The e-mail did not reference or otherwise discuss the Show Cause Order or any of the issues raised therein. *Id.* Counsel responded immediately to the e-mail requesting that Plaintiff participate in a telephone conference to discuss the case, but Plaintiff did not reply. *Id.* ¶¶ 5-6. Although non-responsive, this e-mail exchange demonstrates that Plaintiff was able to communicate with her counsel during this time-frame if she so chose, and that her failure to do so was willful.

Fed. R. Civ. P. 41(b).  When evaluating a Rule 41(b) dismissal, the district court considers the six factors identified in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  After careful consideration, and for the reasons set forth in Defendants' Motion and above, the Court finds that dismissal is warranted in this case under the Poulis factors regarding Plaintiff's personal responsibility; history of dilatoriness; willful behavior; and the lack of effective, alternative sanctions.

Accordingly, Defendants' Motion to Lift Stay (Doc. 68) is **GRANTED**, and the above-captioned case is reopened.  Defendants' Motion to Dismiss (Doc.68) is **GRANTED** and the Amended Complaint is **DISMISSED** with prejudice.  Defendants' Motion for Leave to File a Supplemental Brief in Support of their Motion to Dismiss Pursuant to Rule 41(b) (Doc. 77) is **DENIED AS MOOT** because the pertinent information therein is already known to the Court.  Attorney Robleto is directed to use his best efforts to provide a copy of this Order to Plaintiff.

IT IS SO ORDERED.


August 15, 2022                                        s/ Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge